UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YI TAI SHAO, | No. 2:22-cv-00325 JAM AC PS |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| JOHN G. ROBERTS, JR., et al, | |
| Defendants. | |

Plaintiff is a licensed attorney[1] proceeding in this action pro se (ECF No. 1 at 1), and the matter was accordingly referred to the undersigned by E.D. Cal. R. 302(c)(21). ECF No. 6. Plaintiff filed this case on February 22, 2022 with a 230-page complaint (ECF No. 1) and a motion for temporary restraining order (ECF No. 3). Plaintiff paid the filing fee. See docket notation dated February 22, 2022. On February 23, 2022, plaintiff filed a second motion for temporary restraining order. ECF No. 4. On February 28, 2022, plaintiff filed a third motion for a temporary restraining order. ECF No. 21. Plaintiff has filed various lengthy memoranda, declarations, and statements in support of her motions (ECF Nos. 10, 11, 12, 15, 17, 22, 23) and two requests for judicial notice (ECF Nos. 13, 16).

When a complaint clearly does not state a claim upon which the court can grant relief, a court can dismiss the case on its own ("sua sponte"), at the outset, without leave to amend. See

---

[1] California Bar No. 182768 (license suspended as of February 24, 2022).

1

Reed v. Lieurance, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (affirming district court's sua sponte dismissal of claim under Fed. R. Civ. P. 12(b)(6)).  Plaintiff is hereby notified that the undersigned is contemplating recommending dismissal on this basis; plaintiff will be provided the opportunity to demonstrate in writing why the case should not be dismissed or to provide an amended complaint that fixes the problems in the current complaint.

## I.  THE COMPLAINT

Plaintiff's complaint, though extremely lengthy and difficult to decipher, sues various judges and court employees for alleged conspiracies and illegal acts regarding the outcome of various cases and petitions she has filed, and for blocking her from accessing certain court files.  There are also allegations related to a child support and custody order, corruption involving various Inns of Court organizations, corruption at the California State Bar organization, and corruption within the Department of Child Support services.  Not all allegations are directly tied to causes of action or requested relief.

Plaintiff's fifteen causes of action are all labeled as constitutional violations with relief sought under 42 U.S.C. § 1983.[2]  However, plaintiff primarily seeks relief in the form of orders from this court voiding the orders of other state and federal courts, ordering cases in other courts to be transferred to different courts, ordering other judges to recuse themselves, or requiring other courts to manage their dockets in particular ways (Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XIII).

In Count VII, in addition to voiding court orders, plaintiff asks this court to declare "the secret giant club American Inns of Court Foundation and its children" to be illegal organizations.  ECF No. 1 at 136.

In Count XII, plaintiff alleges "James McManis, Michael Reedy, McManis Faulkner law firm hired hackers to interfere Plaintiff's work, stalk and burglarize Plaintiff's residences continuously from 2018 until present."  ECF No. 1 at 148.  Plaintiff alleges several officers conspired to alter police reports and include a caution that plaintiff has mental illness.  Id. at 149.

---

[2]  Some claims are mislabeled "28 U.S.C. § 1983," but this code section does not exist, and the court assumes these are typographical errors.

Plaintiff asks the court to "require Sgt. Tasha DeCosta , Ltn. Looten, Sgt. Bryn Ward and Sgt. Price to recover the police reports that they altered" and for associated monetary damages. Id. Plaintiff alleges that her First and Fifth amendment rights were violated because she was deterred from seeking redress from the government.

In Count XIV, plaintiff asks the court to issue an injunction requiring the California Commission on Judicial Performance to re-open complaints that plaintiff has made about various judges. Id. at 151. Plaintiff alleges that her "fundamental right to seek grievance" was violated. ECF No. 1 at 151.

## II. WHY THE COMPLAINT FAILS TO STATE A CLAIM

For several reasons, plaintiff cannot maintain a claim for relief based on the current complaint.

### A. Plaintiff's Claims are Barred by the Rooker-Feldman Doctrine

The Rooker-Feldman doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." Carmona v. Carmona, 603 F.3d 1041, 1050-51 (9th Cir. 2010). It prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

To determine if the Rooker-Feldman doctrine bars a case, the court must first determine if the federal action contains a "forbidden de facto appeal" of a state court judicial decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). If the court determines that the action amounts to a forbidden appeal, however, the court cannot hear the de facto appeal portion of the case—and, as part of that refusal, must also refuse to decide any issue raised in the suit that is "inextricably intertwined" with an issue resolved by the state court in its judicial decision. Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and

distinct step in the Rooker-Feldman analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163.

Here, Counts II, III, IV, V, IX, X, XI, and XIII[3] directly ask this federal court to alter or void state court orders involving plaintiff because of alleged wrongs committed in deciding the underlying cases. ECF No. 1 at 119, 122, 127, 129, 139, 145-46, 148, and 150. In seeking a remedy by which this court invalidates a state court decision and amends the state court record, plaintiff is clearly asking this court to "review the final determinations of a state court in judicial proceedings," which is at the core of Rooker-Feldman's prohibition. In re Gruntz, 202 F.3d 1074, 1079 (9th Cir. 2000). Many of the claims involve child support debt; requests to vacate a family court order and child support debt are generally considered de facto appeals. Riley v. Knowles, No. 1:16-CV-0057-JLT, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016). Pursuant to the Rooker-Feldman doctrine, this court does not have the power to issue the requested relief. Thus, the court cannot grant relief as to any of these claims.

B. This Court Does Not Have Jurisdiction Over Higher Federal Courts

Plaintiff's Counts I, VI, and VII ask this district court to stay, enjoin, void, vacate, or transfer various petitions and appeals before the Supreme Court of the United States and before the D.C. Circuit Court of Appeal. ECF No. 1 at 114, 131, 135, and 138. As a federal district court, this court has no power to stay, enjoin, void, vacate, or transfer orders or cases associated with the United States Supreme Court or the D.C. Circuit Court of Appeals, or any other higher federal court. The undersigned is not aware of any basis for this court's jurisdiction to alter the orders or dockets of these higher courts, and plaintiff provides no legal basis for her requested relief. The court cannot grant the requested relief.

C. Plaintiff's Count XII

Plaintiff asserts that several police officers violated her First and Fifth Amendment rights by altering police reports to indicate that plaintiff had a mental illness. ECF No. 1 at 149.

---

[3] Counts I, VI, and VII involve federal court cases and are discussed separately below.

Plaintiff asks "that an injunctive order be issued to require Sgt. Tasha DeCosta , Ltn. Looten, Sgt. Bryn Ward and Sgt. Price to recover the police reports that they altered.  Plaintiff also "prays for monetary damages against James McManis, Michael Reedy and Tsan-Kuen Wang for their undue influence over the policeman and be jointly and severally liable to Plaintiff for all resulting damages" from criminal activities.  Id.

The First Amendment to the Constitution provides in relevant part that "Congress shall make no law ... abridging ... the right of the people ... to petition the Government for a redress of grievances." U.S. Const. amend. I.  "The protections afforded by the Petition Clause have been limited by the Supreme Court to situations where an individual's associational or speech interests are also implicated."  WMX Techs., Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999).  Assuming plaintiff's allegations are true, and the officers altered police reports, such action does not relate to plaintiff's First Amendment rights.

To the extent plaintiff brings a due process claim under the Fifth Amendment, the claim cannot survive.  A plaintiff cannot make a Fifth Amendment due process claim against a local government entity or its employees, or against private individuals, because the due process and equal protection components of the Fifth Amendment apply only to the federal government.  Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (dismissing Fifth Amendment due process and equal protection claims brought against the City of Los Angeles because defendants were not federal actors); see also Low v. City of Sacramento, 2010 WL 3714993 (E.D.Cal. Sept. 17, 2010).  None of the individuals identified in this cause of action are state actors.  Thus, no relief can be granted on Count XII.

D. Plaintiff's Count XIV

Plaintiff asks the court to command the California Commission on Judicial Performance, an independent state agency, to re-open complaints that she filed.  ECF No. 1 at 151.  This cause action amounts to an appeal of the state agency decision.  Plaintiff cites no legal basis for this request for relief, and the court is aware of none.  The court cannot provide the requested relief.

E. The Court Cannot Simply Declare an Organization a Criminal Enterprise (Count VII)

Plaintiff asks the court to declare the Inns of Court a criminal enterprise.  Plaintiff cites no

basis for the court's authority to do this, and the court is aware of none. To the extent plaintiff intends to charge the Inns with a crime, she cannot do so. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Accordingly, Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). Again, the court cannot provide the requested relief.

### F. Most Defendants are Immune from Relief

Even if the plaintiff had otherwise stated a claim, most of this case would be subject to dismissal because most of the named defendants are judges immune from suit. The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547 (1967); Stump v. Sparkman, 435 U.S. 349, 356–7 (1978). "Like other forms of immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only when a judges actions are either (1) nonjudicial in nature, i.e., not taken in the judge's judicial capacity, Forrester v. White, 484 U.S. 219, 227–29 (1988); or (2) taken in the complete absence of all jurisdiction, Stump, 435 U.S. at 356–57.

Plaintiff contends that immunity does not apply here because the actions of the judicial defendants were crimes or based in illegal acts. See, e.g., ECF No. 1 at 13. However, "[a]llegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." Demoran v. Witt, 781 F.2d 155, 158 (9th Cir.1985). Plaintiff's conclusory assertion that the judicial defendants were acting criminally does not overcome immunity, and it is clear from the complaint that plaintiff is challenging decisions made in the judges' judicial capacity. Because the judicial defendants are absolutely immune from suit because their conduct involved the adjudication of matters properly before them in the course of their judicial duties, the court cannot provide relief against them. Because plaintiff "cannot possibly win relief" on any of her claims, sua sponte

dismissal appears to be appropriate.  See Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981); see also Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).

### III.  RULE 11 VIOLATION

Federal Rule of Civil Procedure 11 forbids an attorney or self-represented party from making claims that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  Because plaintiff is a licensed attorney, she is presumed to know and understand the Federal Rules of Civil Procedure, including Rule 11.  The court notes that plaintiff's legally meritless complaint could expose plaintiff to sanctions or referral to the State Bar of California for violation of her Rule 11 obligations.

### IV.  ORDER and ORDER TO SHOW CAUSE

In accordance with the above, IT IS HEREBY ORDERED that plaintiff must show cause in writing within 21 days why this case should not be dismissed for failure to state a claim upon which relief can be granted.  Specifically, plaintiff must identify which of her claims are not barred by the above legal doctrines and principles.

Plaintiff may satisfy this Order by filing an amended complaint that does not include the problems in the current complaint.  Plaintiff's amended complaint, should she choose to file one, shall be limited to 25 pages in length.  If plaintiff fails to respond, the undersigned will recommend this case be dismissed for failure to state a claim upon which relief can be granted.

Because there is no viable complaint in this case, it is further ORDERED that the motions for temporary restraining order (ECF Nos. 3, 14 and 21) and all other outstanding motions and requests pending at the time of this order are DENEID without prejudice to re-filing in the event plaintiff's response to this Order resolves the court's concerns.

IT IS SO ORDERED.

DATED: March 2, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE