UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YI TAI SHAO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN G. ROBERTS, JR., et al.,<br><br>　　　　Defendants. | No. 2:22-cv-00325 JAM AC PS<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

　　　　Currently pending before the court is plaintiff's motions for recusal of District Judge John A. Mendez and Magistrate Judge Allison Claire (ECF No. 29).

### I. MOTION TO RECUSE

　　　　Plaintiff seeks recusal of the assigned district judge and magistrate judge. ECF No. 29. Plaintiff's motion is considered under the standards set forth in 28 U.S.C. §§ 144 and 455.

　　　　The Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978) (collecting cases)). "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States

shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).

Plaintiff alleges that the undersigned is biased against her because "she appears to have compromised her duty to decide on this case in delaying in adjudication on any of the four motions for temporary restraining order since 2/22/2022 because of being under the direction and supervision of Judge John A. Mendez." ECF No. 29 at 2.  Plaintiff contends that Judge Mendez must be removed because "he has been a member and likely an officer of Defendant American Inns of Court Foundation-Anthony M. Kennedy Chapter." ECF No. 29 at 1.

To the extent plaintiff's claims of bias arise out of the undersigned's rulings in this case, recusal is not warranted.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. U.S., 510 U.S. 540, 555 (1994).  Moreover, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (citation omitted); see also Liteky, 510 U.S. at 551 ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings.  It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.").  To the extent plaintiff alleges the undersigned is controlled by Judge Mendez, plaintiff is assured that is not the case and that her rulings are independently considered and issued.

As discussed in the recently-issued order to show cause (ECF No. 24), plaintiff does not have any viable cause of action against the Anthony M. Kennedy American Inns of Court.  Moreover, Judge Mendez's affiliation with the American Inns of Court does not provide grounds for a reasonable person with knowledge of all the facts to conclude that his impartiality might reasonably be questioned.

Plaintiff's allegations of bias are baseless and are founded on nothing more than speculation, particularly because she has thus far failed to present an actionable claim to this court. "Section 455 does not require the judge to accept all allegations by the moving party as true. If a party could force recusal of a judge by factual allegations, the result would be a virtual 'open season' for recusal." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) (citing Phillips v. Joint Legislative Comm., 637 F.2d 1014 (5th Cir. 1981)). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." Id. Plaintiff's conclusory allegations, based on nothing more than speculation, fail to establish a reasonable question as to the district judge and the undersigned's impartiality or that a bias or prejudice exists.

Accordingly, the motion for recusal of the undersigned is denied, and it is recommended that the request for recusal of Judge Mendez be denied as well.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to recuse the undersigned (ECF No. 29), is DENIED.

Further, IT IS HEREBY RECOMMENDED THAT plaintiff's motion to recuse the assigned district judge (ECF No. 29) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 7, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE